IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DAVID CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| ALLIANCE OUTDOOR GROUP | ) | |
| INC.; ALLIANCE OUTDOORS | ) | |
| PRODUCTS, INC., d/b/a X-STAND | ) | |
| TREESTANDS; and JOHN DOE | ) | |
| CORPORATION, | ) | |

Defendants.

## **COMPLAINT FOR DAMAGES**

Plaintiff David Clayton, by and through his attorney, files this Complaint for

Damages, showing the Court as follows:

## **PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff David Clayton is a resident and citizen of Georgia and is entitled to

bring this action for injuries sustained as a result of the incident described herein.

2.

Defendant Alliance Outdoor Group Inc. is a foreign corporation engaged in

the business of developing, manufacturing, promoting, advertising, and selling

outdoor equipment, including the X-Stand brand tree stands, in the state of Georgia

and throughout the United States.  Defendant is incorporated in the State of Minnesota and its principle place of business is also in Minnesota.  Defendant may be served with process by serving its registered agent in its home State of Minnesota as follows: Nathan M. Stieren, 14645 Felton Court, Suite 103, Apple Valley, MN 55124.  Alliance Outdoor Group Inc. is subject to the jurisdiction of this Court.

3.

Defendant Outdoors Products, Inc., doing business under the assumed name X-Stand Treestands, is a foreign corporation engaged in the business of developing, manufacturing, promoting, advertising, and selling outdoor equipment, including the X-Stand brand tree stands, in the state of Georgia and throughout the United States.  Defendant Outdoors Products, Inc. is incorporated in the State of Minnesota and its principle place of business is also in Minnesota.  Defendant may be served with process by serving its registered agent in its home State of Minnesota as follows: Nathan Stieren, 14607 Felton Court, Suite 116, Apple Valley, MN 55124.  Alliance Outdoor Products, Inc. is subject to the jurisdiction of this Court.

4.

Plaintiff has conducted a thorough and diligent investigation to learn the identities of the entities responsible for the wrongdoing alleged herein.  However, Plaintiff believes that additional entities may exist that are presently unnamed due to Plaintiff's inability to discover their identities or the extent of their involvement at this time.  Upon information and belief, Defendant John Doe Corporation is a design or manufacturing entity not yet identified, despite a diligent investigation by Plaintiff, that Alliance Outdoor Group Inc. and Alliance Outdoor Products, Inc. contracted with for the design, manufacture, and/or purchase of the tree stand model identified herein.  Defendant John Doe Corporation is not identified in the product manual or on the subject tree stand described herein.

5.

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and this is a dispute between citizens of different states.

6.

This Court has personal jurisdiction over Defendants because Defendants regularly and routinely transacts business in Georgia and committed tortious acts and omissions within the confines of the State of Georgia.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as substantial part of the events giving rise to the claim occurred in this District, and the Defendants are subject to personal jurisdiction in this District.

## STATEMENT OF RELEVANT FACTS

8.

Defendants designed and manufactured a tree stand identified as follows ("subject tree stand"):

Brand Name: X-Stand

Model Name: Silent Adrenaline Climbing Stand

Identifying Numbers: XSCT334, 5X-1517

Date of Purchase by Plaintiff: August 25, 2017

9.

On October 23, 2018, Plaintiff was hunting in the area of Dewy Rose, Elbert County, Georgia.

10.

Plaintiff used the subject tree stand in the manner it was intended by placing the stand around a tree, elevating up the tree to roughly 20 feet above ground, and securing the tree stand in place.

11.

Upon information and belief, the strap on the subject tree stand that secured the tree stand to the tree failed while Plaintiff was in the process of sitting in the tree stand, causing Plaintiff to fall from a height of over 20 feet to the ground, causing catastrophic injuries.

12.

Plaintiff was transported from the scene of the incident by life-flight to the hospital and spent weeks in the hospital and a rehabilitation center.  Among other severe injuries, Plaintiff suffered a traumatic compression fracture of T4 vertebra, a T3 spinal fracture, and a fractured rib, manubrium, and clavicle, resulting in permanent physical impairment, including incomplete paraplegia, neuropathic pain, and neurogenic bowel and bladder.

13.

The subject tree stand was, at the time it left the possession and control of Defendants, defective and unreasonably dangerous.  The defects in the subject tree

stand included, but are not limited to, inadequately and insufficiently designed or manufactured straps that were designed and intended to secure the tree stand and its occupant to the tree while suspended above the ground.  The subject tree stand gave the ordinary consumer and Plaintiff the illusion of safety against the failure that occurred.  Upon information and belief, other facts, conditions and defective features may be discovered during the litigation of this case.

## COUNT I

## STRICT LIABILITY OF DEFENDANTS

### 14.

Plaintiff hereby incorporates and re-alleges the preceding paragraphs as if set forth fully herein.

### 15.

Defendants was engaged in the business of designing, manufacturing, selling and distributing tree stands, including the subject tree stand.

16.

Defendants are responsible for placing the subject tree stand into the stream of commerce.

17.

Plaintiff was the foreseeable user of the subject tree stand, which was being used for its intended purpose in an intended manner at the time of Plaintiff's catastrophic injury.

18.

Defendants are strictly liable to Plaintiff because the subject tree stand, at the time it was sold, was (1) unfit for its intended and foreseeable use; (2) defective; and (3) unreasonably dangerous to the user or consumer because it did not confer a reasonable degree of protection from injury.

19.

Defendants are also strictly liable to Plaintiff because it failed to warn and/or failed to adequately warn Plaintiff that the subject tree stand was defective, dangerous, or otherwise inadequate.

20.

At the time the subject tree stand was designed and manufactured, it was technically and economically feasible to have designed and manufactured the

subject tree stand in a safe manner, and to have provided adequate warnings and instructions that would have prevented or greatly lessened Plaintiff's injuries.

21.

The aforementioned defective condition was present and existed at the time the subject tree stand left the Defendants' control, and the subject tree stand was in the substantially same condition on the date of the subject incident as it was at the time of sale.

22.

As a direct and proximate result of the defective and unreasonable dangerous condition of the subject tree stand, Plaintiff suffered serious and permanent injuries.

## COUNT II

## NEGLIGENCE OF DEFENDANTS

23.

Plaintiff hereby incorporates and re-alleges the preceding paragraphs as if set forth fully herein.

24.

At all relevant times, Defendants were in the business of designing and manufacturing tree stands, including the subject tree stand, with the intent that the tree stands would be sold and used within and outside the State of Georgia.

25.

Defendants designed, manufactured, marketed, distributed, sold and/otherwise placed into the stream of commerce the subject tree stand intending that it be used in the precise manner that it was being used at the time the above-mentioned incident.

26.

At all material times, Defendants owed a duty to exercise reasonable care in designing, manufacturing, marketing, distributing, selling and/or otherwise placing into the stream of commerce the subject tree stand.

27.

At all material times, Defendants breached their duty of care in designing and/or manufacturing an unreasonably dangerous tree stand which did not confer a reasonable degree of protection from injury.

28.

Defendants should have known that under foreseeable conditions the subject tree stand did not confer a reasonable degree of protection from injury.

29.

The injuries sustained by Plaintiff were a reasonably foreseeable consequence of Defendants' acts and omissions.

30.

As a direct and proximate result of the defective and unreasonable dangerous condition of the subject tree stand, Plaintiff suffered serious and permanent injuries.

## **COUNT III**

## **FAILURE TO WARN BY DEFENDANTS**

31.

Plaintiff hereby incorporates and re-alleges the preceding paragraphs as if set forth fully herein.

32.

Defendants had a continuing duty to warn the public of dangers associated with the design, use and operation of their products.

33.

Prior to the subject incident, Defendants were aware, or should have been aware, of the dangerous and defective design and/or manufacture of its products, including the subject tree stand.

34.

Defendants failed to warn the public of the problems associated with its products, including the subject tree stand.

35.

As a direct and proximate result of the defective and unreasonable dangerous condition of the subject tree stand and the Defendants' failure to warn of the defective condition and associated dangers, Plaintiff suffered serious and permanent injuries.

## DAMAGES AND PRAYER FOR RELIEF

36.

Plaintiff hereby incorporates and re-alleges the preceding paragraphs as if set forth fully herein.

37.

As a direct result of the defectively designed tree stand, and Defendants' negligence in designing, manufacturing, and failing to warn of the dangers

associated with the subject tree stand, Plaintiff has and will continue to suffer severe injuries and substantial economic and non-economic damages for which he is entitled to a recovery.

### 38.

Accordingly, Plaintiff seeks special and general damages from Defendants in an amount to be determined by the enlightened conscience of the jury and as demonstrated by the evidence, for past and future mental and physical pain and suffering, past and future loss of enjoyment of life, past and future lost earnings and decreased earning capacity; and past and future medical expenses.

### 39.

Plaintiff also seeks punitive damages from Defendants because the actions in designing and/or manufacturing a defective and unreasonably dangerous tree stand, and failing to warn and/or adequately warn the public of the dangerous nature of its product, reveal willful misconduct, wantonness, and/or an entire want of care which raises a presumption of conscious indifference to the consequences, authorizing an award for punitive damages.

WHEREFORE, Plaintiff prays for the following relief:

a) That summons issue requiring Defendants to appear as provided by law to answer to the allegations in this Complaint;

b) That Plaintiff have a trial by jury of all issues so triable;

c) That Plaintiff recover all damages, both compensatory and punitive, to which he is entitled to recover under Georgia law; and,

d) For such other and further relief as this Court deems just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 22nd day of October, 2020.

**HARRIS LOWRY MANTON LLP**

/s/ Jeffrey R. Harris
JEFFREY R. HARRIS
(Georgia Bar No. 330315)
jeff@hlmlawfirm.com
YVONNE S. GODFREY
Georgia Bar No. 318567
yvonne@hlmlawfirm.com
BETH M. BROOKS
Georgia Bar No.151263
bbrooks@hlmlawfirm.com

1418 Dresden Dr. NE
Unit 250
Brookhaven, GA 30319
Telephone: (404) 691-7650
Facsimile: (404) 691-7651