IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DAVID CLAYTON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.  3:20-cv-00117-CDL |
| | ) | |
| ALLIANCE OUTDOOR GROUP INC.; | ) | |
| ALLIANCE OUTDOORS PRODUCTS, | ) | |
| INC., d/b/a X-STAND TREESTANDS; | ) | |
| And JOHN DOE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANT ALLIANCE OUTDOOR GROUP INC. AND ALLIANCE OUTDOORS PRODUCTS, INC., d/b/a X-STAND TREESTANDS' ANSWER AND DEFENSES TO COMPLAINT FOR DAMAGES

NOW COMES Defendants, ALLIANCE OUTDOOR GROUP, INC. and ALLIANCE OUTDOORS PRODUCTS, INC., d/b/a X-STAND TREESTANDS (hereinafter referred to as "The Alliance Defendants") by and through their attorneys, Taylor English Duma, LLP, and for their Answer to Plaintiff's Complaint for Damages states as follows:

## PARTIES, JURISDICTION AND VENUE

1.    The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 1 and therefore leave Plaintiff to his proofs.

2.    The Alliance Defendants admit that Alliance Outdoor Group is incorporated in Minnesota and has its principal place of business in Minnesota.  The Alliance Defendants deny the remaining allegations in paragraph 2.

3.    The Alliance Defendants admit that Alliance Outdoor Products, Inc. is a foreign entity that distributes treestands, is incorporated in Minnesota, and has its principle place of business in Minnesota.  The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the remaining allegations of paragraph 4 and therefore leave Plaintiff to his proofs.

4.    The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegation of paragraph 4 and therefore leave Plaintiff to his proofs.

5.    The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegations of paragraph 5 and therefore leave Plaintiff to his proofs.

6.     The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegations of paragraph 6 and therefore leave Plaintiff to his proofs.

7.     The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegations of paragraph 7 and therefore leave Plaintiff to his proofs.

## STATEMENT OF ALLEGED RELEVANT FACTS

8.     The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegations of paragraph 8 and therefore leave Plaintiff to his proofs.

9.     The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegations of paragraph 9 and therefore leave Plaintiff to his proofs.

10.     The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegations of paragraph 10 and therefore leave Plaintiff to his proofs.

11.     The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegations of paragraph 11 and therefore leave Plaintiff to his proofs.

12.    The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegations of paragraph 12 and therefore leave Plaintiff to his proofs.

13.    The Alliance Defendants deny the allegations contained in paragraph 13.

## COUNT I

## ALLEGED STRICT LIABILITY OF DEFENDANTS

14.    The Alliance Defendants reassert the answers contained in paragraphs 1-13.

15.    The Alliance Defendants admit that Alliance Outdoor Products, Inc. distributes treestands.  The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the remaining allegations of paragraph 15 and therefore leave Plaintiff to his proofs.

16.    The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegations of paragraph 16 and therefore leave Plaintiff to his proofs.

17.    The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegations of paragraph 17 and therefore leave Plaintiff to his proofs.

18.     The Alliance Defendants deny the allegations contained in paragraph 18.

19.     The Alliance Defendants deny the allegations contained in paragraph 19.

20.     The Alliance Defendants deny the allegations contained in 20.

21.     The Alliance Defendants deny the allegations contained in paragraph 21.

22.     The Alliance Defendants deny the allegations contained in paragraph 22.

WHEREFORE, The Alliance Defendants, respectfully request that this court dismiss Plaintiff's Complaint and Plaintiff's claims with prejudice and/or enter a judgment of no cause of action and award the Alliance Defendants their costs, expenses and attorney's fees.

## COUNT II

## ALLEGED NEGLIGENCE OF DEFENDANTS

23.     The Alliance Defendants reassert the answers contained in paragraphs 1-22.

24.    The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegations of paragraph 24 and therefore leave Plaintiff to his proofs.

25.    The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegations of paragraph 25 and therefore leave Plaintiff to his proofs.

26.    The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegations of paragraph 26 and therefore leave Plaintiff to his proofs.

27.    The Alliance Defendants deny the allegations contained in paragraph 27.

28.    The Alliance Defendants deny the allegations contained in paragraph 28.

29.    The Alliance Defendants deny the allegations contained in paragraph 29.

30.    The Alliance Defendants deny the allegations contained in paragraph 30.

WHEREFORE, The Alliance Defendants, respectfully request that this court dismiss Plaintiff's Complaint and Plaintiff's claims with prejudice and/or enter a

judgment of no cause of action and award the Alliance Defendants their costs, expenses and attorney's fees.

## COUNT III

## ALLEGED FAILURE TO WARN BY DEFENDANTS

31.    The Alliance Defendants reassert the answers contained in paragraphs 1-30.

32.    The Alliance Defendants presently lack sufficient information or knowledge to form a belief about the truth of the allegations of paragraph 32 and therefore leave Plaintiff to his proofs.

33.    The Alliance Defendants deny the allegations contained in paragraph 33.

34.    The Alliance Defendants deny the allegations contained in paragraph 34.

35.    The Alliance Defendants deny the allegations contained in paragraph 35.

WHEREFORE, The Alliance Defendants, respectfully request that this court dismiss Plaintiff's Complaint and Plaintiff's claims with prejudice and/or enter a judgment of no cause of action and award the Alliance Defendants their costs, expenses and attorney's fees.

## ALLEGED DAMAGES AND PRAYER FOR RELIEF

36.     The Alliance Defendants reassert the answers contained in paragraphs 1-35.

37.     The Alliance Defendants deny the allegations contained in paragraph 37.

38.     The Alliance Defendants deny the allegations contained in paragraph 38.

39.     The Alliance Defendants deny the allegations contained in paragraph 39.

WHEREFORE, The Alliance Defendants, respectfully request that this court dismiss Plaintiff's Complaint and Plaintiff's claims with prejudice and/or enter a judgment of no cause of action and award the Alliance Defendants their costs, expenses and attorney's fees.

## RELIANCE ON JURY DEMAND

The Alliance Defendants hereby rely on previously filed demand for trial by jury.

## SPECIAL AND/OR AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Comes now the Alliance Defendants and for their answer and first defense to Plaintiff's Complaint state that the Plaintiff's actions are barred by the applicable statute of limitations.

### SECOND DEFENSE

Comes now the Alliance Defendants and for their answer and second defense to Plaintiff's Complaint state that the Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Comes now the Alliance Defendants and for their answer and third defense to Plaintiff's Complaint state that the Plaintiff had a duty to mitigate damages and may have failed to do so.

### FOURTH DEFENSE

Comes now the Alliance Defendants and for their answer and fourth defense to Plaintiff's Complaint state that the Plaintiff may have failed to exercise reasonable care and caution for Plaintiff's own safety and such conduct was the sole and/or contributing cause of Plaintiff's own injuries and damages alleged.

## FIFTH DEFENSE

Comes now the Alliance Defendants and for their answer and fifth defense to Plaintiff's Complaint state that the Plaintiff may have been negligent, contributorily negligent, and/or comparatively negligent which was greater than 50% of the total fault involved in the incident in that Plaintiff failed to act as a reasonably prudent person would under the circumstances, failed to take precautions for Plaintiff's own safety and/or in general failed to exercise the reasonable degree of care for the circumstances then and there existing proximately resulting in the alleged injuries as will be more fully developed prior to the conclusion of discovery and prior to the trial of this matter.

## SIXTH DEFENSE

Comes now the Alliance Defendants and for their answer and sixth defense to Plaintiff's Complaint state that Defendants may prove that there was intervening and superseding negligence of others including the Plaintiff and others unknown to Defendants at this time such that the injuries or damages suffered by the Plaintiff may have been caused in whole or in part by the acts or omissions of the Plaintiff, and/or by other non-parties so that the alleged injuries and damages suffered by the Plaintiffs were not proximately caused by the acts or omissions of Defendants.

## SEVENTH DEFENSE

Comes now the Alliance Defendants and for their answer and seventh defense to Plaintiff's Complaint state that Plaintiff's claims are barred in whole or in part because Plaintiff has failed to name as a party to this suit all persons and/or entities against whom a finding of fault is properly directed.

## EIGHTH DEFENSE

Comes now the Alliance Defendants and for their answer and eighth defense to Plaintiff's Complaint state that Plaintiff's claims are barred in whole or in part because the comparative fault of Plaintiff may be greater than the aggregate fault of persons, whether or not parties to this action.

## NINTH DEFENSE

Comes now the Alliance Defendants and for their answer and ninth defense to Plaintiff's Complaint state that Plaintiff's claims are barred in whole or in part because the individual upon whose injury the action is based may have had an impaired ability to function due to the influence of intoxicating liquor or a controlled substance.

## TENTH DEFENSE

Comes now the Alliance Defendants and for their answer and tenth defense to Plaintiff's Complaint state that when the product left the control of Defendants, the

benefits associated with the product design of which Plaintiff's complain exceeded the foreseeable risks associated with that design.

## ELEVENTH DEFENSE

Comes now the Alliance Defendants and for their answer and eleventh defense to Plaintiff's Complaint state that when the product left the control of Defendants, the design of the subject product conformed to all applicable public, and private, and/or industry standards, and all applicable laws, statutes, and regulations.

## TWELFTH DEFENSE

Comes now the Alliance Defendants and for their answer and twelfth defense to Plaintiff's Complaint state that when the subject product left the control of Defendants, a practical and technically feasible alternative design was not available that would have prevented the harm for which Plaintiff seeks damages without substantially impairing the usefulness or intended purpose of the product.

## THIRTEENTH DEFENSE

Comes now the Alliance Defendants and for their answer and thirteenth defense to Plaintiff's Complaint state that Plaintiff seeks to recover for injuries that were caused by an inherent characteristic of the product which is a generic part of the product that cannot be eliminated without substantially compromising the

products usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community.

## FOURTEENTH DEFENSE

Comes now the Alliance Defendants and for their answer and fourteenth defense to Plaintiff's Complaint state that Plaintiff's claims based on implied and/or express warranty are barred because Plaintiff were never in privity with Defendants.

## FIFTEENTH DEFENSE

Comes now the Alliance Defendants and for their answer and fifteenth defense to Plaintiff's Complaint state that Plaintiff's abuse and/or misuse of the product at issue constituted the cause, sole proximate cause or intervening or superseding cause of the damages Plaintiff seeks to recover.

## SIXTEENTH DEFENSE

Comes now the Alliance Defendants and for their answer and sixteenth defense to Plaintiff's Complaint state that Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed an appreciated, known or obvious risk to his own safety.

## SEVENTEENTH DEFENSE

Comes now the Alliance Defendants and for their answer and seventeenth defense to Plaintiff's Complaint state that the risk of harm of which Plaintiff

complains was open and obvious and/or a matter of common knowledge, or it should have otherwise been aware of the risk and/or that Plaintiff assumed any risk associated with the use of the subject product.

## EIGHTEENTH DEFENSE

Comes now the Alliance Defendants and for their answer and eighteenth defense to Plaintiff's Complaint state that the product about which Plaintiff complains was materially altered and/or modified after it left the control of Defendants.

## NINETEENTH DEFENSE

Comes now the Alliance Defendants and for their answer and nineteenth defense to Plaintiff's Complaint state that the product conformed with generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged and labeled.

## TWENTIETH DEFENSE

Comes now the Alliance Defendants and for their answer and twentieth defense to Plaintiff's Complaint state that all claims of Plaintiff are barred by legal and equitable estoppel.

## TWENTY-FIRST DEFENSE

Comes now the Alliance Defendants and for their answer and twenty-first defense to Plaintiff's Complaint state that Plaintiff's claim is barred based on their assumption of the risk.

## TWENTY-SECOND DEFENSE

Comes now the Alliance Defendants and for their answer and twenty-second defense to Plaintiff's Complaint state that Defendants breached no express or implied warranties pertaining to this product.

## TWENTY-THIRD DEFENSE

Comes now the Alliance Defendants and for their answer and twenty-third defense to Plaintiff's Complaint state that the Plaintiff's claim is barred because the product complied with applicable governmental requirements.

## TWENTY-FOURTH DEFENSE

Comes now the Alliance Defendants and for their answer and twenty-forth defense to Plaintiff's Complaint state that Plaintiff's claims are barred by waiver, release, satisfaction, discharge or by other operation of law and they have forfeited any and all claims they may have against Defendant.

## TWENTY-FIFTH DEFENSE

Comes now the Alliance Defendants and for their answer and twenty-fifth defense to Plaintiff's Complaint state that the actions of a potential nonparty were the cause, in whole or in part, of any of the Plaintiff's alleged injuries.

## TWENTY-SIXTH DEFENSE

Comes now the Alliance Defendants and for their answer and twenty-sixth defense to Plaintiff's Complaint state that Defendants reserve the right to amend, delete, add or alter the special and/or affirmative defenses during the course of discovery and trial of this matter.

## TWENTY-SEVENTH DEFENSE

Comes now the Alliance Defendants and for their answer and twenty-seventh defense to Plaintiff's Complaint state that to the extent that the evidence should show that Plaintiff by ordinary care could have avoided the consequences to himself caused by any alleged negligence on the part of Defendants (any such negligence on the part of Defendants being expressly denied) Plaintiff would not be entitled to recover or any recovery would be subject to reduction. Specifically, without limiting the generality of the foregoing, Defendants affirmatively pleads and preserves the defenses of contributory and comparative negligence, assumption of the risk and the doctrine of avoidance.

## TWENTY-EIGHTH DEFENSE

Comes now the Alliance Defendants and for their answer and twenty-eighth defense to Plaintiff's Complaint state that to the extent that discovery supports the same, Defendants assert the defenses of product abuse, produce misuse, and/or production modification.

## TWENTY-NINTH DEFENSE

Comes now the Alliance Defendants and for their answer and twenty-ninth defense to Plaintiff's Complaint state that any warnings given by Defendants were adequate and/or any failure to warn was not the proximate cause of any alleged injury.

## THIRTIETH DEFENSE

Comes now the Alliance Defendants and for their answer and thirtieth defense to Plaintiff's Complaint state that under O.C.G.A. § 51-12-33, the Alliance Defendants are not subject to joint and several liability, but are entitled to have any liability for Plaintiff's alleged damages apportioned according to the percentage of fault of each person or entity (part and non-party alike) in causing the alleged damages.

## THIRTY-FIRST DEFENSE

Comes now the Alliance Defendants and for their answer and thirty-first defense to Plaintiff's Complaint state that Plaintiff's claim for punitive damages does not meet the standard set forth in O.C.G.A. §51-12-5.1, and must be limited as set forth in such statute.

## THIRTY-SECOND DEFENSE

Comes now the Alliance Defendants and for their answer and thirty-second defense to Plaintiff's Complaint state an award of punitive or exemplary damages would constitute a violation of the Alliance Defendants' right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and under Paragraph 1 and 2 of Article 1 of the Georgia Constitution.

## THIRTY-SECOND DEFENSE

To the extent Plaintiff's allegations are false that the alleged incident occurred within this District, the Alliance Defendants state that venue is improper in this Court.

## THIRTY-THIRD DEFENSE

Specifically reserving each of the Affirmative Defenses set forth above, and specifically incorporating them hereinafter.

This 13th day of November, 2020.

Respectfully submitted,

*/s/ Scott G. Blews*
Scott G. Blews
Georgia Bar No. 063390
Taylor English Duma LLP
1600 Parkwood Circle, Ste. 200
Atlanta, GA  30339
Phone:  678-336-7170
sblews@taylorenglish.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court this 13th day of November, 2020 via the CM/ECF system which will provide a true and correct copy to all counsel of record.

Jeffrey R. Harris
410 E BROUGHTON ST
SAVANNAH, GA 31401
Email: jeff@hlmlawfirm.com

ELIZABETH MANLEY BROOKS
410 E BROUGHTON ST
SAVANNAH, GA 31401
Email: bbrooks@hlmlawfirm.com

YVONNE SUSAN GODFREY
1418 DRESDEN DR NE STE 250
BROOKHAVEN, GA 30319
Email: yvonne@hlmlawfirm.com

This 13th day of November, 2020.

Respectfully submitted,

*/s/ Scott G. Blews*
Scott G. Blews
Georgia Bar No. 063390