```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                           ATHENS DIVISION

DAVID CLAYTON,                       *

     Plaintiff,                      *

vs.                                  *
                                            CASE NO. 3:20-CV-117 (CDL)
ALLIANCE OUTDOOR GROUP INC.,         *
ALLIANCE OUTDOORS PRODUCTS,
INC., d/b/a X-STAND TREESTANDS,      *
and JOHN DOE CORPORATION,
                                     *
     Defendants.
                                     *
```

O R D E R

David Clayton alleges that he was injured after he fell when the straps failed on a tree stand manufactured and designed by Defendants Alliance Outdoor Group Inc. and Alliance Outdoors Products, Inc. After Defendants recalled the tree stand in November 2020, Clayton brought this action, alleging strict liability, negligence, failure to warn, negligent recall, and breach of warranty causes of action. Defendants moved for judgment on the pleadings as to Clayton's negligent recall cause of action arguing that no such claim is recognized under applicable Georgia law. For the following reasons, that motion (ECF No. 15) is granted in part and denied in part.

JUDGMENT ON THE PLEADINGS STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to

judgment as a matter of law." *Perez v. Wells Fargo N.A.,* 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "In determining whether a party is entitled to judgment on the pleadings," the Court must "accept as true all material facts alleged in the non-moving party's pleading, and . . . view those facts in the light most favorable to the non-moving party." *Id.* "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.*

## FACTUAL ALLEGATIONS

Clayton alleges the following facts in his complaint. For the purposes of the pending motion, the Court accepts these facts as true.

Plaintiff went hunting in Elbert County, Georgia on October 23, 2018. Am. Compl. ¶ 8, ECF No. 13. He used an X-Stand tree stand designed by Defendants. *Id.* ¶ 7, 9. The stand straps failed while Clayton sat in the stand, causing him to fall over 20 feet to the ground. *Id.* ¶ 10. Clayton experienced severe injuries, including several broken bones and a fractured vertebra; he is now permanently impaired because of the incident. *Id.* ¶ 11.

On November 4, 2020, the United States Consumer Product Safety Commission (the "CPSC") announced that Defendant Alliance Outdoor Products was recalling the tree stand. *Id.* ¶ 13. The tree stand was recalled because corrosion could cause the cable assemblies on

the tree stand to separate. *Id.* ¶ 16. Clayton alleges that this hazard caused his accident in 2018. *Id.* ¶ 17. Clayton further alleges that in August 2020, prior to the CPSC's recall announcement, Defendants mailed him new cable assemblies without explanation. *Id.* ¶ 18.

DISCUSSION

Defendants seek judgment on the pleadings as to Clayton's failure to recall claim, arguing that such a claim is not cognizable under Georgia law. Clayton responds that his recall related claim should be allowed to go forward for two reasons. First, he maintains that the "special circumstances exception" to the "no recall claim principle" applies here based upon Defendants' alleged failure to immediately report the problems with the tree stand to the CPSC. And second, Clayton contends that Defendants attempted to recall the tree stand prior to the formal November 2020 recall, as evidenced by their sending him replacement parts, and that they are therefore liable for negligently conducting the recall, a claim which is recognized under Georgia law.

Georgia law generally does not recognize a cause of action based upon a manufacturer's failure to recall a product. *See Ford Motor Co. v. Reese*, 684 S.E.2d 279, 283-84 (Ga. Ct. App. 2009) (footnote omitted) ("[A]bsent special circumstances, no common law duty exists under Georgia law requiring a manufacturer to recall a product after the product has left the manufacturer's control.").

One exception to this principle is when a "federal or state statute or governmental agency requires [a] manufacturer to recall the product." *Id.* at 283 n.2.  But a failure to promptly report a product defect is different from failing to follow a government directive to recall a product.  *See, e.g.*, *Williamson v. Walmart Stores, Inc.*, No. 3:14-CV-97 (CDL), 2015 WL 1565474, at *6 (M.D. Ga. Apr. 8, 2015) ("[Plaintiff] argues that . . . Defendants should have reported prior adverse incidents . . . to the [CPSC]. . . . But Plaintiff did not allege that any governmental agency actually *required* a recall or retrofit campaign.").  The Court finds that Defendants' alleged failure to immediately report the defect to the CPSC does not amount to the special circumstances contemplated by this exception to the no recall cause of action principle. Accordingly, Clayton's claim that Defendants had a duty to recall the product prior to Clayton's accident fails as a matter of law, and Defendants' motion for judgment on the pleadings is granted as to any such claim.

Georgia law does recognize a cause of action for negligent recall.[1]  "Although the dealer is not obligated to conduct the

---

[1] The Court construes Clayton's complaint as bringing a failure to recall and a negligent recall claim.  Count IV of Clayton's amended complaint is titled "Negligent Recall," and it alleges both that Defendants "fail[ed] to conduct the recall in a timely manner" and that Defendants "assum[ed] the duty to recall the subject tree stand model voluntarily [and] had a duty to exercise reasonable care when conducting the recall." Am. Compl. ¶¶ 42, 45.  These allegations support the conclusion that Clayton is bringing both causes of action.

4

recall program, once it undertakes to do so a duty devolves upon the dealer to exercise ordinary care, and whether it did so under the circumstances is a question for the jury." *Blossman Gas Co. v. Williams*, 375 S.E.2d 117, 120 (Ga. Ct. App. 1988).  Construing the complaint in the light most favorable to Clayton, he alleges facts suggesting that Defendants may have unofficially tried to recall the tree stand at an earlier date because Defendants sent replacement cable parts prior to the November 2020 recall without explanation.  Am. Compl. ¶ 18.  If Defendants tried to recall the tree stand before Clayton's accident in 2018, Clayton may have a claim for negligent recall.[2]  The evidence necessary to support such a claim, if it exists, is within Defendants' possession and control.  Clayton should be given an opportunity to conduct discovery to find out whether Defendants had in fact attempted to initiate a recall prior to his accident, and if so, how it was conducted.  To simply require Clayton to take Defendants' word for it would be inconsistent with the purpose of all judicial inquiry—

---

[2] Despite Defendants' arguments to the contrary, Clayton's allegations do not suggest only that he believes the recall should have been conducted earlier.  Clayton claims that Defendants "fail[ed] to conduct the recall in a timely manner" and "fail[ed] to inform consumers . . . of the dangers associated with the design, use and operation of the subject tree stand in a timely and informative manner."  Am. Compl. ¶ 45.  If Defendants recalled the tree stand prior to Clayton's accident (or if a recall were underway when the accident happened), these allegations may support Clayton's contention that Defendants did not act with due care in conducting the recall. *See Silver v. Bad Boy Enters.*, No. 4:12-CV-5 (CDL), 2013 WL 4495831, at *7 n.7 (M.D. Ga. Aug. 20, 2013) (noting that a negligent recall claim can be based on a defendant's failure to provide proper notice of the recall).

5

ascertainment of the truth.  Accordingly, Defendants' motion is denied as to Clayton's negligent recall claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings (ECF No. 15) is granted in part and denied in part. Defendants' motion is granted on Clayton's failure to recall claim, but it is denied on Clayton's negligent recall claim.

IT IS SO ORDERED, this 30th day of March, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
