IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DAVID CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 3:20-cv-117-CDL |
| ALLIANCE OUTDOOR GROUP INC.; | ) | |
| ALLIANCE OUTDOORS PRODUCTS, | ) | |
| INC., d/b/a X-STAND TREESTANDS; | ) | |
| and JOHN DOE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER**

Upon the stipulation and agreement of Defendants, and the parties to this action, as evidenced by the signatures of their respective counsel below:

**IT IS HEREBY ORDERED THAT** the documents, testimony and other information voluntarily produced by Defendants in response to a request served upon it by counsel for Plaintiff shall be subject to and governed by the terms of this Protective Order as set forth below:

1. The documents and other information to be produced by Defendants may contain trade secrets and other confidential research, development and commercial information owned by Defendants.

2. Except as otherwise indicated below, all documents that Defendants designate as "Confidential" and that are produced in this litigation shall be "Protected Documents" and shall be given confidential treatment as described below.

3.  Protected Documents shall not include:

    (a) Advertising materials; or

      (b)    Materials which, on their face, show that they have been published by Defendants to the general public.

4. Any document produced by Defendants which Plaintiff contends was erroneously designated as "Confidential" shall nevertheless be treated as a Protected Document until Plaintiff:

      (a)    Obtains written permission from Defendants to do otherwise; or

      (b)    Obtains a further Order from this Court determining that the document in question is not a Protected Document.

5. Protected Documents shall be produced by Defendants only to the attorneys for the parties to this case.

6. Protected Documents and material contained therein or derived therefrom shall not be used or shown, disseminated, copied, or in any way communicated to any person for any purpose whatsoever, other than as required for the preparation and trial of this action. Except as provided below, counsel for the parties to this case shall hold in confidence all Protected Documents and all material contained therein or derived therefrom.

7. Except with the prior written consent of Defendants, or upon the further Order of this Court, counsel for Plaintiff may show Protected Documents and may disclose the contents thereof only to the following persons (hereinafter referred to as "Qualified Persons"):

      (a)    Counsel of record in this action;

      (b)    Employees of counsel for Plaintiff assigned to and necessary to assist such counsel in the preparation or trial of this action;

      (c)    Experts and consultants retained by Plaintiff whose assistance is necessary for the preparation or trial of this specific action; and

      (d)    Any witness identified in discovery by either Plaintiff or Defendants.

8. Before any Qualified Person is given access to any Protected Document or before such documents are delivered, exhibited or disclosed to any Qualified Person, or before any Qualified Person receives material contained in or derived from any Protected Documents, counsel for either the Plaintiff or the Defendants (as the case may be) shall advise each Qualified Person of the terms of this Order, shall give each Qualified Person a copy of this Order, and shall require each Qualified Person to consent to be bound by the terms of this Order by completing and signing the form attached to this Order. Counsel for Plaintiff shall maintain separate lists of all Qualified Persons to whom they have provided any Protected Documents, material contained therein, or information derived therefrom. All such lists and each Qualified Person's signed formshall be available for inspection by the Court *in camera.*

9. Plaintiff s counsel shall keep records of all copies of each Protected Document distributed in whole or in part to any Qualified Persons in connection with this case.

10. To the extent that any Protected Documents, information contained therein, or information derived therefrom, is used in connection with depositions, such documents or information shall remain subject to the provisions of this Order, together with the transcript pages of the deposition testimony dealing with the Protected Documents or information. The portions of the transcript that shall be subject to this Order will be identified as follows: within 15 days from receipt of the final deposition transcript and exhibits, Defendants shall provide Plaintiff's counsel and the court reporter with a letter – marked on its face as "Confidential Designation of Testimony" – identifying by page and line the portions of the deposition designated as confidential pursuant to the terms of this Order. The Confidential Designation of Testimony shall become an addendum to the final deposition transcript. If any protected document is used in connection with

any deposition or marked as an exhibit at a deposition, the court reporter shall be informed of the terms of this Order and shall be required to proceed in a manner consistent with this Order.

11. Before any document is filed with the Court that is a Protected Document or that contains information obtained from a Protected Document, the filing party must meet and confer with the producing party to determine whether a motion to seal is necessary. If the producing party determines that the protected material should be filed under seal, the producing party shall file a motion to seal within 10 days of the date the parties meet and confer, stating its position as to why that portion of the record that contains the Protected Document should be sealed pursuant to M.D. Ga. Local Rule 5.4(c) and the Court's Rule 16 and 26 Order (CM/ECF Doc. 8).

12. Upon conclusion of this action by final judgment or settlement, all Protected Documents, all copies thereof, all information derived therefrom and all excerpts therefrom shall be either (a) returned within thirty days by each Qualified Person possessing such information to counsel for Defendants, as provided for in the following sentence, or (b) certified in writing by the receiving party that all such materials regardless of format have been destroyed, at the selection of the receiving party. If option (a) is selected, this paragraph shall require the return of the original materials produced, together with all photocopies, duplicates, abstracts or reproductions of such materials to:

> Barry B. Sutton
> **Clark Hill PLC**
> 151 South Old Woodward Avenue, Suite 200
> Birmingham, MI 48009

13. Neither Plaintiff, nor their respective counsel, experts or other persons retained by them to assist in the preparation of this action shall under any circumstances sell, offer for sale, trade or barter, offer for trade or barter or give away, advertise or publicize either the contents of

Protected Documents or the fact that Defendants have produced confidential documents in connection with this litigation.

14. The provisions of this Order shall survive termination of this litigation and continue to be binding upon all parties and all Qualified Persons. This Court shall retain and have jurisdiction over the parties, all Qualified Persons and any other recipients of Protected Documents for the purpose of enforcing the provisions of this Order, notwithstanding termination of this litigation.

DONE and ORDERED this the 14th day of October, 2021.

                                                S/Clay D. Land_____
                                                U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DAVID CLAYTON,<br><br>    Plaintiff,<br>v.<br><br>ALLIANCE OUTDOOR GROUP INC.;<br>ALLIANCE OUTDOORS PRODUCTS,<br>INC., d/b/a X-STAND TREESTANDS;<br>and JOHN DOE CORPORATION,<br><br>    Defendants. | CIVIL ACTION NO.<br>3:20-cv-117-CDL<br><br>**STIPULATED PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED AND AGREED**, by and among the parties hereto, by their respective counsel, that the foregoing Order is approved as to both form and substance and may be entered by the Court as an Order of the Court.

HARRIS LOWRY MANTON LLP
Jeffrey R. Harris (GA Bar No. 330315)
Yvonne S. Godfrey (GA Bar No. 318567)
Beth M. Brooks (GA Bar No. 151263)
1418 Dresden Dr. NE
Unit 250
Brookhaven, GA 30319
404-691-7650
jeff@hlmlawfirm.com
yvonne@hlmlawfirm.com
bbrooks@hlmlawfirm.com

*Attorneys for Plaintiff*

CLARK HILL, PLC
Barry B. Sutton, *Admitted Pro Hac Vice*
Steven D. Brock, *Admitted Pro Hac Vice*
151 South Old Woodward Avenue, Suite 200
Birmingham, MI 48009
313-965-8577
bsutton@clarkhill.com
sbrock@clarkhill.com

TAYLOR ENGLISH DUMA LLP
Scott G. Blews (GA Bar No. 063390)
1600 Parkwood Circle, Ste. 200
Atlanta, GA 30339
Phone: 678-336-7170
sblews@taylorenglish.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DAVID CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 3:20-cv-117-CDL |
| ALLIANCE OUTDOOR GROUP INC.; | ) | |
| ALLIANCE OUTDOORS PRODUCTS, | ) | |
| INC., d/b/a X-STAND TREESTANDS; | ) | |
| and JOHN DOE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SIGNED STATEMENT OF** _____

PURSUANT TO PROTECTIVE ORDER

The undersigned states as follows:

1. My full name is _____ and my current address is _____.

2. Prior to receiving any documents and information designated by Defendants as "Confidential" in the above-captioned action, I was provided with a copy of the Stipulated Protective Order dated _____ which I have read and understand fully. I agree to be bound by the terms of that Stipulated Protective Order and I voluntarily submit myself to the jurisdiction of the _____ concerning the enforcement of that Stipulated Protective Order.

3. Within thirty days of the conclusion of this action by final judgment or settlement I agree to (a) certify in writing that I have destroyed all Protected Documents and Confidential Information or (b) return all Protected Documents and Confidential Information, all copies thereof,

all information derived there from and all excerpts therefrom to counsel for Defendants whose address is:

> Barry B. Sutton
> **Clark Hill PLC**
> 151 South Old Woodward Avenue, Suite 200
> Birmingham, MI 48009

4. I received the confidential information in my capacity as [attorney, paralegal, secretary, consultant, expert witness] _____.

5. 1 received access to the confidential information from the following person: _____.

_____    _____
Print Name                                                  Signature


Dated: _____