IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DAVID CLAYTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:20-cv-117-CDL |
| ) | |
| ALLIANCE OUTDOOR GROUP ) | |
| INC.; ALLIANCE OUTDOORS ) | |
| PRODUCTS, INC., d/b/a X-STAND ) | |
| TREESTANDS; and JOHN DOE ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. | |

## PLAINTIFF'S MOTION TO PROCEED WITH REBUTTAL EXPERT

Plaintiff files this motion seeking a ruling from the Court regarding rebuttal testimony from his expert witness. Specifically, Plaintiff has informed defense counsel that he intends to provide the expert testimony of a material sciences expert to rebut the testimony of Defendants' experts, the last of which was deposed on January 31, 2023. The scheduling order of the Court contemplates rebuttal expert testimony. However, when notified of Plaintiff's intention to disclose a rebuttal expert, defense counsel objected, arguing that the expert testimony (which has not yet been provided) is not rebuttal in nature. While, procedurally, it would make the most sense for Defendant to take Plaintiff's expert's deposition and then evaluate whether the testimony is rebuttal in nature, Defendant has communicated

1

that it will not participate in a deposition of Plaintiff's expert and has refused to provide their availability to depose Plaintiff's rebuttal expert by the scheduling order deadline of March 10, 2023. This is true despite the fact that Defendants withheld the file material of its material sciences expert until the morning of the deposition and weeks after this expert should have been deposed per the Court's amended scheduling order.  Accordingly, to keep this case on track with the scheduling order and to complete expert discovery, Plaintiff seeks guidance from this Court to allow the disclosure of his rebuttal expert.

Accordingly, Plaintiff seeks leave from this Court to disclose and proceed with the use of his expert rebuttal testimony.[1]

## I. Relevant Procedural and Factual Background

This case involves a recalled hunting treestand that Plaintiff has alleged was manufactured and designed by Defendant.  The parties have been participating in exchanging reports of expert witnesses and deposing those experts.  Most recently, Plaintiff deposed the last of Defendant's experts on January 31, 2023.

The current scheduling order of the Court specifically contemplates Plaintiff disclosing rebuttal experts by February 7, 2023 and making them available for deposition by March 10, 2023.  (CM/ECF Doc. 38).  Due to a calendaring error,

---

[1] Defendant has stated via correspondence that it intends to oppose this motion.

Plaintiff notified Defendant of their intention to provide rebuttal expert testimony and make that expert available for deposition before the Court's March 10, 2023 deadline. Defendant has refused to conduct this deposition or provide its availability between now and March 10, 2023.

      Specifically, Plaintiff intends to disclose Bryan During, a material sciences expert, to rebut the opinions of Defendant's expert Dr. Marc Zupan. Defendants failed to provide Dr. Zupan's file materials with his report or by the original deadline for deposing defense experts of January 9, 2023. Defendants then violated Plaintiff's notice of deposition of Dr. Zupan, which included a request for his entire file four days before his scheduled deposition, without moving for protection of said production or taking any other action to properly withhold those documents. Plaintiff did not receive this file material until minutes before Dr. Zupan's deposition began. Defendants failed to provide this file material in advance of Dr. Zupan's deposition even though Plaintiff provided file materials of each expert that Defendants requested in advance of his expert's depositions.

      Included in this file material was extensive testing on an exemplar tree stand that had apparently been in Defendants' possession throughout this litigation. Defendants never disclosed the existence of this exemplar stand (and presumably other exemplar stands in its possession) and never offered these stands to Plaintiff and his experts for inspection or testing. In any event, Dr. Zupan discussed the

process of his testing of the exemplar stands for the first time during his deposition on January 30, 2023. Plaintiff informed Defendant just nine days later that he intended to disclose a rebuttal expert who could interpret the results from Dr. Zupan's testing and his opinions regarding the existence of zinc coating that is allegedly used as an anti-corrosion agent on the subject tree stand. Plaintiff did so without even having the benefit of Dr. Zupan's deposition transcript, as his deposition had only recently taken place.

     Now, after their own delayed disclosure of relevant documents and exemplar tree stands, Defendants seek to prevent Plaintiff from having the opportunity to justly name and use a rebuttal expert who can testify regarding the zinc coating that was used on the subject tree stand and its life expectancy, among other critical opinions related to material sciences. Plaintiff has not disclosed any other material sciences experts, and it would be significantly prejudicial to permit Defendants to benefit from the previously undisclosed testing of an exemplar tree stand without allowing the Plaintiff's expert an opportunity to examine and testify regarding this testing.

     Because defense counsel has objected to the expert through correspondence, Plaintiff seeks a ruling from the Court to avoid further delay in this case and to proceed with the rebuttal expert discovery in the manner suggested herein, that is that an expert disclosure and report will be provided by Plaintiff to Defendant

within two (2) business days of ruling on this Motion by the Court, and that the rebuttal expert will be made available for deposition within thirty (30) days of ruling on this Motion by the Court.

## II.  Argument and Citation of Authority

Rebuttal expert testimony is permitted "to explain, repel, counteract, or disprove the evidence of the adverse party." *United States v. Frazier*, 387 F.3d 1244, 1269 (11th Cir. 2004). "The decision to permit rebuttal testimony is one that resides in the sound discretion of the trial judge." *Id.* (quotation omitted). As noted in *McSweeney v. Kahn*, the role of the rebuttal expert may be to offer critiques of the opposing expert's opinion, and the rebuttal expert is not even required to offer his or her own, independent opinion. No. 4:05-CV-0132-HLM, 2008 WL 6875017, at *9 (N.D. Ga. Feb. 4, 2008).

The harm that would be suffered by Plaintiff if not permitted to disclose this rebuttal expert witness would be significant, and the Court's scheduling order specifically contemplates Plaintiff's ability to use rebuttal expert witness testimony. Contrastingly, no harm or prejudice would be suffered by Defendant if Plaintiff were permitted to proceed with his rebuttal expert witness. If Defendant believes, after deposing Plaintiff's expert, that the testimony is not rebuttal in nature, it may file a motion to exclude that testimony at the appropriate time and in accordance with the Court's scheduling Order. Accordingly, Plaintiff submits that

proceeding with rebuttal expert discovery is logical, efficient, and consistent with this Court's Order.

### III.  Conclusion

Based on the foregoing, Plaintiff requests that the Court GRANT his motion for Plaintiff to proceed with the disclosure of his rebuttal expert witness.

Respectfully submitted, this 15th day of February 2023.

                                            **HARRIS LOWRY MANTON LLP**

                                            <u>*/s/ Yvonne S. Godfrey*</u>
                                            Andrew J. Conn
                                            Georgia Bar No. 732541
                                            Yvonne S. Godfrey
                                            Georgia Bar No. 318567
                                            Jeffrey R. Harris
                                            Georgia Bar No. 330315
                                            Jed D. Manton
                                            Georgia Bar No. 868587

1418 Dresden Dr. NE
Unit 250
Brookhaven, GA 30319
Telephone: (404) 691-7650
Facsimile: (404) 691-7651
aconn@hlmlawfirm.com
ygodfrey@hlmlawfirm.com
jharris@hlmlawfirm.com
jmanton@hlmlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

<div style="display:flex">
<div>

Barry B. Sutton
Steven D. Brock
CLARK HILL PLC
151 S. Old Woodward, Suite 200
Birmingham, MI 48009
bsutton@clarkhill.com
sbrock@clarkhill.com

</div>
<div>

Scott G. Blews
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
sblews@taylorenglish.com

</div>
</div>

This 15th day of February 2023.

**HARRIS LOWRY MANTON LLP**

*/s/ Yvonne S. Godfrey*
Yvonne S. Godfrey
Georgia Bar No. 318567

1418 Dresden Dr. NE
Unit 250
Brookhaven, GA 30319
Telephone: (404) 691-7650
Facsimile: (404) 691-7651
aconn@hlmlawfirm.com